Filed 12/16/24  Scofield v. Shu CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| ERICA SCOFIELD et al., | B329894 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 20AVCV00603) |
| v. | |
| EILEEN SHU, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael C. Kelley, Judge.  Affirmed.

Law Office of Barry S. Zelner and Barry S. Zelner for Plaintiffs and Appellants.

Law + Brandmeyer, Kent T. Brandmeyer and Jeanette L. Van Horst; Schmid & Voiles and Denise H. Greer for Defendant and Respondent.

# I.    INTRODUCTION

Erica Scofield, Rosa Gomez, Robert Cedillos, and Daniel Cedillos (plaintiffs) brought a wrongful death and negligence action against Drs. Eileen Shu and Denis Latuno, nurse practitioners Shelca Ramirez and Telsa Boosalis[1], and Antelope Valley Hospital (defendants) concerning the emergency room care defendants provided plaintiffs' father Jesse Cedillos (the decedent).  The trial court granted Dr. Shu's motion for summary judgment[2] and entered judgment in her favor.  On appeal, plaintiffs contend (1) the court erred when it ruled plaintiffs' medical expert witness, Dr. Erik Pearson, was not competent to opine that Dr. Shu breached the relevant standard of care, and (2) Dr. Pearson's challenged declaration testimony raised a triable issue of material fact as to whether Dr. Shu breached the relevant standard of care.  We affirm.

# II.    BACKGROUND

## A.    *Plaintiffs' Complaint*

On August 25, 2020, plaintiffs filed their complaint against defendants.  Plaintiffs' wrongful death cause of action alleged that on October 29, 2019, the decedent retained defendants to examine, diagnose, and treat him.  The decedent requested he not

---

[1]    Incorrectly named in the complaint as "Telsa Doosalis."

[2]    Dr. Shu's motion only concerned plaintiffs' wrongful death cause of action as plaintiffs dismissed with prejudice their negligence cause of action as to Dr. Shu, Ramirez, and Boosalis.

be discharged from Antelope Valley Hospital without a proper diagnosis.  Defendants breached their duty of care to the decedent by discharging him without a proper diagnosis and treatment leading to his death.

B.    *Dr. Shu's Summary Judgment Motion*

On May 24, 2022, Dr. Shu filed her motion for summary judgment.[3]  She argued she complied with the required standard of care and there was no causal link[4] between any breach of that standard of care and the decedent's death.

In support of her summary judgment motion, Dr. Shu submitted Dr. Kent Shoji's May 17, 2022, declaration.  Dr. Shoji declared he was licensed to practice medicine in California.  He was board certified in emergency medicine and a staff physician in the emergency department at Little Company of Mary Hospital in Torrance, California, a position he held since 1979.

---

[3]    Plaintiffs did not include in their record on appeal their separate statement responding to each of the material facts Dr. Shu contended were undisputed in her separate statement of undisputed material facts.  Plaintiffs did include their own separate statement of undisputed material facts in opposition to Dr. Shu's summary judgment motion, but not Dr. Shu's reply and objection to that separate statement.

[4]    Dr. Shu's causation argument was based in part on Dr. Fernando Roth's medical expert witness declaration testimony.  Plaintiffs did not include Dr. Roth's declaration in their record on appeal.  As we set forth below, the trial court did not reach Dr. Shu's causation argument because it ruled Dr. Shu's summary judgment motion demonstrated she did not breach her duty of care to the decedent.

Based on his background, training, and experience and his review of the medical records provided to him, Dr. Shoji rendered the "professional opinion that the care and treatment provided to [the decedent] by . . . Dr. Shu was at all times appropriate and within the standard of care."

In support of their opposition to Dr. Shu's summary judgment motion, plaintiffs submitted Dr. Pearson's December 9, 2022, declaration.[5] Dr. Pearson declared he was licensed to practice medicine in Nevada, Louisiana, and Virginia. He was board certified in emergency medicine and had been practicing in that field since 2013. He currently worked in the emergency room department of a "Level 2 Trauma Center that average[d] over 100,000 ER patients per year."[6] Based on his review of the decedent's medical records and Scofield's deposition transcript, Dr. Pearson declared, "[I]t is my clear opinion that the standard of care and care and treatment by each and every defendant in this case was clearly below the standard of care which led to [the decedent's] death."

Dr. Shu filed an objection to Dr. Peason's declaration on the ground that it lacked foundation to qualify him as an expert

---

[5]    Plaintiffs also submitted a declaration from Dr. Lawrence May who opined Dr. Shu breached her duty of care to the decedent. As we set forth below, the trial court ruled that Dr. May's declaration was inadmissible on the breach of duty issue. Plaintiffs do not challenge that ruling in their appeal.

[6]    Dr. Peason's declaration did not identify the medical facility in which he worked or the location of that facility. His curriculum vitae, however, showed he lived in Reno, Nevada and currently worked as a staff emergency physician at the "Renown Medical Center."

4

under Health and Safety Code section 1799.110 (section 1799.110). In her reply in support of her summary judgment motion and at the hearing on her summary judgment motion, Dr. Shu argued Dr. Pearson's declaration failed to show Dr. Pearson was competent to testify as required by Code of Civil Procedure section 437c, subdivision (d).

The trial court granted Dr. Shu's summary judgment motion. In its Statement of Decision, the court initially addressed Dr. Shu's evidentiary objections. The court ruled Dr. Pearson's declaration was inadmissible under section 1799.110 on the issue of whether Dr. Shu breached her duty of care to the decedent because "Dr. Pearson's curriculum vitae shows he has never practiced in California, which suggests he is not qualified to testify on the custom and practice of the manner in which emergency medical coverage is provided in Los Angeles County." For a different reason, the court also excluded under section 1799.110 Dr. May's declaration testimony on the duty of care issue.

The trial court next addressed Dr. Shu's substantive argument that she did not breach her duty of care to the decedent. The court noted that Dr. Shoji opined that Dr. Shu complied with her duty of care to the decedent. It ruled plaintiffs needed a medical expert witness to rebut Dr. Shoji's opinion and they could not rely on Dr. May's opinion because the court had ruled it inadmissible on the breach of duty of care issue. The court did not mention Dr. Pearson's declaration or the court's prior ruling that Dr. Pearson's opinion that Dr. Shu breached her duty of care to the decedent was inadmissible.

Because the trial court ruled plaintiffs could not show a triable issue of material fact on the issue of whether Dr. Shu

breached her duty of care to the decedent, it did not reach Dr. Shu's causation argument.

## III.   DISCUSSION

Plaintiffs contend the trial court erred when it ruled Dr. Pearson was not competent to opine that Dr. Shu breached the relevant standard of care.  We disagree.

A.   *Standards of Review*

"A trial court properly grants summary judgment where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subd. (c).)  We review the trial court's decision [on a summary judgment motion] de novo, considering all of the evidence the parties offered in connection with the motion (except that which the court properly excluded) and the uncontradicted inferences the evidence reasonably supports.  [Citation.]"  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 476.)

"[I]n moving for summary judgment, a 'defendant . . . has met' his 'burden of showing that a cause of action has no merit if' he 'has shown that one or more elements of the cause of action . . . cannot be established . . . .  Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action . . . ."  (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 849.)

We review de novo a trial court's ruling to exclude a physician's medical expert witness declaration that was based on

6

the court's interpretation of section 1799.110, subdivision (c). (*Stokes v. Baker* (2019) 35 Cal.App.5th 946, 956.)

B.  *Application of Legal Principles*

"The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." (*Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1263, italics omitted.)  "[I]n any medical malpractice action, the plaintiff must establish:  (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence.  [Citations.]" (*Borrayo v. Avery* (2016) 2 Cal.App.5th 304, 310, internal quotation marks omitted (*Borrayo*).)

"When a defendant health care practitioner moves for summary judgment and supports his motion with an expert declaration that his conduct met the community standard of care, the defendant is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence. [Citation.]"  (*Borrayo, supra*, 2 Cal.App.5th at p. 310; *Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123 ["Whenever the plaintiff claims negligence in the medical context, the plaintiff must present evidence from an expert that the defendant breached his or her duty to the plaintiff . . ."].)

Code of Civil Procedure section 437c, subdivision (d) requires declarations submitted in opposition to a summary

judgment motion to "*show affirmatively that the affiant is competent to testify* to the matters stated in the . . . declarations." (Italics added.)

Section 1799.110, subdivision (c) sets forth the qualifications for medical expert witnesses in negligence claims arising from emergency room care. Subdivision (c) provides, "In any action for damages involving a claim of negligence against a physician and surgeon providing emergency medical coverage for a general acute care hospital emergency department, the court shall admit expert medical testimony only from physicians and surgeons who have had substantial professional experience within the last five years while assigned to provide emergency medical coverage in a general acute care hospital emergency department. For purposes of this section, 'substantial professional experience' shall be determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occur[r]ed."

The trial court did not err in ruling Dr. Pearson's declaration was inadmissible under section 1799.110 on the issue of whether Dr. Shu breached her duty of care to the decedent. Section 1799.110, subdivision (c) requires a medical expert witness to have "substantial professional experience" in the five years prior to the challenged medical treatment. (*Petrou v. South Coast Emergency Group* (2004) 119 Cal.App.4th 1090, 1094 [the five-year period in section 1799.110 concerns the five-year period prior to the plaintiff's treatment, not the five-year period prior to trial].) The "substantial professional experience" must be obtained "while assigned to provide emergency medical coverage

8

in a general acute care hospital emergency department." (§ 1799.110, subd. (c).)  Whether a medical expert witness has "substantial professional experience" is "determined by the custom and practice of the manner in which emergency medical coverage is provided in general acute care hospital emergency departments in the same or similar localities where the alleged negligence occur[r]ed." (*Ibid.*)

Plaintiffs alleged Dr. Shu was negligent on October 29, 2019.  For Dr. Pearson to be competent to testify that Dr. Shu breached her duty of care to the decedent, he had to "show affirmatively" he had "substantial professional experience" in a medical facility like Antelope Valley Hospital in Los Angeles County or in a similar location in the five-year period from October 29, 2014, to October 29, 2019.  (Code Civ. Proc., § 437c, subd. (d); § 1799.110, subd. (c).)

Dr. Pearson's curriculum vitae showed he was a "[s]taff [e]mergency [p]hysician" in Bogalusa, Louisiana during the period from October 29, 2014, to June 2015, and in Reno, Nevada from June 2015 to October 29, 2019.  In his declaration, Dr. Pearson does not describe the type of medical facility in which he worked in Bogalusa.  He describes the Renown Medical Center in Reno as a "Level 2 Trauma Center that averages over 100,000 ER patients per year."

Dr. Pearson's curriculum vitae and declaration showed Dr. Pearson did not obtain his relevant medical experience in a Los Angeles County hospital that was similar to Antelope Valley Hospital.  Dr. Pearson did not state in his declaration that he was familiar with the standard of care in Los Angeles County, that the facilities in which he worked in Bogalusa and Reno were similar to Antelope Valley Hospital, or that the "custom and

9

practice" of "emergency medical coverage"—i.e., the standard of care—in Bogalusa and Reno was similar to that provided in Los Angeles County at medical facilities like Antelope Valley Hospital.  Plaintiffs assert, "There is no serious argument that emergency medicine practice in a hospital in Los Angeles County is not similar to emergency medicine practice in a hospital in Reno, Nevada—which is a similar metropolitan area."  Plaintiffs' cursory assertion does not cure the deficiencies in Dr. Pearson's declaration.  Accordingly, the trial court did not err in entering judgment in Dr. Shu's favor.[7]

---

[7]	Because we hold the trial court did not err in entering judgment in Dr. Shu's favor, we do not reach plaintiffs' argument that Dr. Pearson's challenged declaration testimony raised a triable issue of material fact as to whether Dr. Shu breached the relevant standard of care.

## IV.    DISPOSITION

The judgment is affirmed.  Dr. Shu is entitled to her costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


KIM (D.), J.


We concur:



HOFFSTADT, P. J.



BAKER, J.

11